IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CV-654-FL
NO. 5:20-CV-656-FL

| | | |
|---|---|---|
| DUANE DOUGLAS CRONISER, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |
| - - - - | ) | ORDER |
| | ) | (SEALED)[1] |
| JOHN F. LOGAN and STEPHANIE J. BUTLER, | ) ) ) | |
| Interested Parties. | | |

This matter is before the court on two related appeals of orders of the United States Bankruptcy Court for the Eastern District of North Carolina, in Chapter 13 bankruptcy case captioned In re Croniser, No. 20-00401-5-DMW (Nov. 19, 2020). The first appeal, No. 5:20-CV-654-FL, challenges the bankruptcy court's order granting appellant's motion to sell with restrictions (hereinafter, the "sale order"). (Bankr. Order Allowing Sale of Real Property (654 DE 5-3) at 3).[2] The second appeal, No. 5:20-CV-656-FL, challenges the bankruptcy court's subsequent order amending appellant's Chapter 13 plan (hereinafter, the "order amending chapter 13 plan"). (Bankr. Order Amending Confirmation Order (654 DE 5-3) at 6).

---

[1] Where the court's order relies upon confidential information contained in the sealed materials in this case, the court SEALS this order. Within 14 days, the parties shall confer and tender by U.S. Mail to the clerk's office a proposed redacted order. If said order meets with the court's approval, it will be lodged on the public docket. If the court determines proposed redactions of any portion of this order not subject to sealing, further notice will follow.

[2] The records for case Nos. 5:20-CV-654-FL and 5:20-CV-656-FL are identical in all relevant respects except for appellant's briefs. Thus, as to all other documents, this order cites only to 5:20-CV-654-FL for ease of reference. Additionally, page numbers in citations to documents in the record specify the page number designated by the court's electronic case filing (ECF) system, and not the page number, if any, showing on the face of the underlying document.

The appeals have been briefed fully by appellant, and there is no appellee. In this posture the issues raised are ripe for ruling. For the following reasons, the bankruptcy court's order granting appellant's motion to sell is affirmed and its order amending appellant's confirmed Chapter 13 plan is reversed. As to the latter order, the case is remanded for further proceedings.

## BACKGROUND

Appellant petitioned for relief under Chapter 13 on January 30, 2020, and shortly thereafter John F. Logan (hereinafter, the "Trustee") was appointed trustee. Roughly two months after his appointment, Trustee filed an objection to confirmation of appellant's plan as originally filed, and on May 20, 2020, appellant filed an amended plan. The amended plan required appellant to make payments of $600.00 per month for 60 months, stated that property of the bankruptcy estate would vest in appellant on confirmation of the plan, and additionally added the following nonstandard provision:

> "The debtor shall be permitted to receive all net proceeds from the sale of vested property and/or exempt property that is sold during the pendency of the case. This provision shall not prejudice and/or impact the rights of parties pursuant to 11 U.S.C. 1329."

(Amended Ch. 13 Plan (654 DE 5-1) at 62). Notably, at the time of filing his bankruptcy petition, appellant listed approximately 6.75 acres of unimproved real property in Leyden, New York (hereinafter, the "real property"), that he owned in fee simple with his brother, at a value of $17,900.00, with his one-half interest being valued at $8,950.00. (Ch. 13 Petition (654 DE 5-1) at 12). The bankruptcy court confirmed the amended Chapter 13 plan on May 26, 2020, and provided in its order that the appellant "shall not transfer any interest in real property without prior approval of the court except as provided in Local Bankruptcy Rule 4002-1(g)(4) and (5)." (Bankr. Confirmation Order (654 DE 5-1) at 65).

Five months after that confirmation, on October 26, 2020, appellant and his brother contracted for the sale of the real property in the amount of $34,900.00. (See Tr. (654 DE 6) at 3). On October 29, 2020, pursuant local bankruptcy rule 4002-1(g)(4), appellant moved to sell the real property and there were no objections. (Motion to Sell (654 DE 5-1) at 66). The bankruptcy court held a video conference hearing regarding the motion on November 19, 2020, at which attorneys for Trustee and appellant were present. (Tr. (654 DE 6) at 2). There, Trustee clarified that though he did not object to the sale, he would "certainly review for a motion to modify [appellant's Chapter 13 plan] once [he] receive[d] the final settlement statement, because there was certainly more value [contracted for] than what was listed in [appellant's bankruptcy] petition." (Id. at 4).

At conclusion of the video conference hearing, the bankruptcy court allowed the sale, but identified a "problem" with the near 100% increase in value of the real property from confirmation of the plan only six months earlier. (Id.). The court orally ordered that the proceeds from the sale be held in trust pending further action by Trustee, and additionally alerted parties that it would amend appellant's Chapter 13 plan so property would vest in appellant upon its completion rather than upon its earlier confirmation. (Id.). Neither party objected at hearing.

Later that same day, the bankruptcy court entered the two written orders memorializing its decisions which are the subjects of the instant appeals. In its order amending appellant's plan, the bankruptcy court noted the interplay of appellant's election to have all property of the estate, including the real property, vest in him at confirmation; his inclusion of the nonstandard provision in his amended plan, providing that he "shall be permitted to receive all net proceeds from the sale of vested property . . . during the pendency of the case;" and his subsequent sale of the real property at a price nearly twice what he listed in his petition, and without additionally providing any evidence to support a drastic appreciation in value of the property. (Order Amending Chapter 13

Plan at 5). The bankruptcy court described the nonstandard provision specifically as "self-serving" and "disingenuous," and appellant's conduct in its entirety as amounting to "gamesmanship." (Id.) ("Whether by mistake or design, this gamesmanship has no place in a court of equity.").

Appellant timely noticed appeal of both orders on December 4, 2020, and filed record on appeal. Appellant filed a brief in support of each appeal, and shortly thereafter filed a declaration by counsel stating that "there is no appellee" and "the matter is ripe for review at this time." (654 DE 12).[3]

## COURT'S DISCUSSION

A.   Standard of Review

This court has appellate jurisdiction pursuant to 28 U.S.C. § 158(a) to review the bankruptcy court's orders. "An appeal under subsections (a) and (b) of this section shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts." 28 U.S.C. § 158(c)(2). "On an appeal the district court . . . may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree or remand with instructions for further proceedings." Harman v. Levin, 772 F.2d 1150, 1153 n.3 (4th Cir. 1985).[4] "Legal conclusions are reviewed de novo, but findings of fact will only be set aside if clearly erroneous." Schlossberg v. Barney, 380 F.3d 174, 178 (4th Cir. 2004).

B.   Analysis

Appellant contends Local Bankruptcy Rule 4002-1(g)(4) (hereinafter, the "local rule"), which required him to file a motion for approval of sale of his real property, exceeds the bankruptcy

---

[3]   Trustee is included on the docket of the underlying bankruptcy case, In re Croniser, No. 20-00401-5-DMW (Nov. 19, 2020). He is also included as an "interested party" in the caption of the dockets on appeal, as is Stephanie J. Butler. Neither party has entered an appearance in this case.

[4]   Internal citations and quotation marks are omitted from all citations unless otherwise specified.

4

court's rulemaking authority. Appellant additionally contends that, even assuming the legitimacy of the local rule, the bankruptcy court's orders first granting his motion to sell with restrictions and then amending his Chapter 13 plan nevertheless contravene express provisions of the Bankruptcy Code, and thus are invalid. The court addresses each of these arguments in turn below.

1. Local Bankruptcy Rule 4002-1(g)(4)

Appellant filed his motion to sell pursuant to Local Bankruptcy Rule 4002-1(g)(4), which provides:

> After the filing of the petition and until the plan is completed, the debtor shall not dispose of any non-exempt property having a fair market value of more than $10,000 by sale or otherwise without prior approval of the trustee and an order of the court.

Local Bankruptcy Rule 4002-1(g)(4). According to appellant, the foregoing provision exceeds the bankruptcy court's jurisdiction, is substantive rather than procedural, and is otherwise inconsistent with or duplicative of provisions of the Bankruptcy Code.

Appellant raises this challenge for the first time on appeal, although it was susceptible to address in the bankruptcy court in the first instance. See, e.g., In re Butala, No. 15-02624-5-SWH (Bankr. E.D.N.C. July 10, 2018) (order by the bankruptcy court addressing a debtor's challenge to related Local Bankruptcy Rule 4002-1(g)(5) on similar grounds); In re Ripley, No. 14-01265-5-DMW, 2018 WL 735342, at *3 (Bankr. E.D.N.C. Feb. 6, 2018) (same).

Appellate courts generally do not consider issues raised for the first time on appeal, absent exceptional circumstances. See Volvo Const. Equip. N. Am., Inc. v. CLM Equip. Co., Inc., 386 F.3d 581, 603 (4th Cir. 2004); Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993). The purpose of this rule is in part so "that litigants may not be surprised on appeal by final decision there of issues upon which they have had no opportunity to introduce evidence." Hormel v. Helvering, 312 U.S. 552, 556 (1941). Additionally, declining to consider issues raised for the first time on

appeal facilitates the function of lower courts to rule on issues over which they have special competency. See id. (noting the special competency of trial tribunals to determine questions of fact); see also id. at 556 n. 5 ("The [Board of Tax Appeal's] rulings on questions of law, while not as conclusive as its findings of fact, are nevertheless persuasive, and it is desirable that a reviewing court have the benefit of such rulings."); see Helvering v. Wood, 309 U.S. 344, 349 (1940) (declining to consider relief under a different section of the tax code than that relied upon before the Board of Tax Appeals and the Circuit Court of Appeals in part because the Court was "deprive[d] . . . of the assistance of a decision").

In this case, according to the general rule, the court declines to consider appellant's argument on appeal that was not raised in the first instance in the bankruptcy court. No exceptional circumstances warrant departure from this general rule here. As an initial matter, "[a]ppellant has not even argued that exceptional circumstances justifying departure from the general rule are present, and based on the record before this court, there are no exceptional circumstances warranting such departure." Muth, 1 F.3d at 250.

Furthermore, the circumstances of this appeal provide substantial grounds for exercise of judicial restraint. In particular, because there is no appellee, appellant is the only party to have briefed the issue. Second, and equally as important, the bankruptcy court has special competency to consider in the first instance the basis and validity for its own local bankruptcy rules. Third, appellant challenges a local rule that also exists in varying forms in other jurisdictions. See, e.g., D. Nevada Local Rule 4002(a); E.D. Cal. Local Bankruptcy Rule 3015-1(h)(1)(D); WDNC Local Bankruptcy Rule 4002-1(e)(1). Fourth, appellant has not cited any case in which the local rule at issue here, or any comparable local rule, was challenged directly before and ultimately addressed by the bankruptcy court, nor has the court identified any.

Accordingly, where appellant fails to argue that exceptional circumstances exist, and where this case is one in which an appellate court runs a particular risk of "do[ing] a great deal more harm than good" by "assum[ing] the functions of a special master" and addressing an issue not originally raised, this court declines to consider appellant's argument that the local rule exceeds the bankruptcy court's rulemaking authority. Hutchinson v. Fid. Inv. Ass'n, 106 F.2d 431, 436 (4th Cir. 1939).[5]

2.  Authority for Entry of Bankruptcy Court Orders

Appellant additionally challenges the bankruptcy court's authority to enter the orders on appeal.

The bankruptcy court did not provide a basis for its authority to enter either order at hearing or in its written orders. While it cites to the local rule in granting appellant's motion to sell, that rule does not by its terms provide for the power to place funds in trust or otherwise modify a plan. Without reference to any other specific provision, the court was presumably acting pursuant its general powers of equity, with which it was statutorily imbued by 11 U.S.C. § 105(a). That section provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title provided for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

---

[5] In addition, and in the alternative, appellant lacks standing to challenge the local rule as he received a favorable order pursuant to it. See Medina Corp. v. City of Charleston, 959 F.2d 231 (4th Cir. 1992) ("The general rule is that a party cannot appeal a judgment in its favor."). Though he may have wished that the order was granted by instead abrogating the local rule, "[g]enerally, a prevailing party is not aggrieved by the judgment and may not appeal on the ground that the [lower court] based its decision on a reason other than one the party may have wished." HCA Health Servs. of Virginia v. Metro. Life Ins. Co., 957 F.2d 120, 123 (4th Cir. 1992); see Tyler v. Ownit Mortg. Loan Tr., Series 2006-3, 460 B.R. 458, 463 (E.D. Va. 2011), aff'd sub nom. Tyler v. Ownit Mortg. Loan Tr., 474 F. App'x 893 (4th Cir. 2012) (applying this precedent in a bankruptcy appeal to find the petitioner lacked standing).

7

Though broad by its terms, this provision does not give bankruptcy courts carte blanche to enter any order they deem appropriate, with the most obvious limitation being that bankruptcy courts cannot "contravene specific statutory provisions" in exercising their § 105(a) power. See Law v. Siegel, 571 U.S. 415, 421 (2014); see also 2 Collier on Bankruptcy ¶ 105.01[1], p. 105 (16th ed. 2013) (opining that, as § 105(a) uses the term "provisions" of the title and not the term "purposes," a bankruptcy court's exercise of § 105(a) must also be tied to another specific provision in the Bankruptcy Code and not merely a general bankruptcy concept or objective).

Here, appellant contends in his initial appeal at No. 5:20-CV-654-FL that the bankruptcy court's restriction directing that his proceeds be kept in trust in its order granting appellant's motion to sell contravenes specific statutory provisions in the Bankruptcy Code. Then, in his appeal at No. 5:20-CV-656-FL, appellant asserts the same as to the entirety of the bankruptcy court's order modifying his confirmed Chapter 13 plan. The court will address these contentions in turn below.

    a. Order Granting Appellant's Motion to Sell and Placing Appellant's Proceeds in Trust

Even applying the narrowest construction of § 105(a), the bankruptcy court expressly acted to facilitate Trustee's power to request a modification pursuant 11 U.S.C. § 1329(a) when it granted appellant's motion to sell but ordered appellant's proceeds be kept in trust. (See Sale Order at 3). Section 1329 allows for a proper party, including the trustee, to request an enumerated modification to a confirmed plan provided the request is made prior to payments under such plan being complete. 11 U.S.C. § 1329(a). The doctrine of res judicata additionally requires that the debtor experience substantial and unanticipated change in their financial condition post-confirmation. See In re Murphy, 474 F.3d 143, 150 (4th Cir. 2007).

In Murphy, the Fourth Circuit found such substantial and unanticipated change warranting modification to a debtor's confirmed plan where he sold real property at a 51.6 percent increase over what he provided in his bankruptcy petition only eleven months after filing. Id. By comparison, appellant received an offer at nearly twice the amount he provided in his petition just nine months earlier. (See Order Amending Chapter 13 Plan at 6). Given this post-confirmation change in financial condition, Trustee expressed his intention to review the final settlement statement to determine whether a motion to modify was appropriate. (Tr. (654 DE 6) at 4). The bankruptcy court's restriction providing that appellant's proceeds be held in trust until Trustee "ha[d] an opportunity to make that determination" facilitated Trustee's review by maintaining the status quo.[6] (See Sale Order at 3).

The order is thus comparable to the practice of bankruptcy courts pursuant § 105(a) prohibiting other claimants from pursuing a cause of action that belongs to an estate to provide the trustee with an opportunity to deliberate on the proper course. See, e.g., In re Ionosphere Clubs, Inc., 156 B.R. 414, 436 (S.D.N.Y. 1993), aff'd, 17 F.3d 600 (2d Cir. 1994) (providing that the prohibition allows the trustee an opportunity to decide whether to abandon the action or otherwise permit creditors to pursue it independently). Though § 1329(a) does not expressly require that funds creating a substantial financial change be held in trust, the bankruptcy court has implicit authority to provide an appropriate procedure to realize the function of the section. See In re VistaCare Grp., LLC, 678 F.3d 218, 232 (3d Cir. 2012) ("When the interpretation of federal statutes fails to yield specific answers to procedural issues, federal courts have implicit authority to supply the answers."). In light of the foregoing, the bankruptcy court properly acted pursuant

---

[6] Appellant describes the order as requiring his lawyer to hold the proceeds "for an indiscriminate period of time." (Appellant Br. (654 DE 11) at 32). Contrary to that contention, however, the order expressly ties the duration of the trust to Trustee's deliberations.

9

to its powers under § 105(a) when it directed that appellant's proceeds be held in trust in its order granting appellant's motion to sell.

Appellant's arguments to the contrary, contending that the order contravened express provisions of the Bankruptcy Code, are unpersuasive. Apellant argues that pursuant to 11 U.S.C. §§ 1306(b) and 1327(b) the bankruptcy court cannot direct what happens with the proceeds from a sale of his vested property post-confirmation. (Appellant Br. (654 DE 11) at 32).[7] Section 1306(b) states that a debtor "shall remain in possession of all property of the estate" unless provided otherwise in the confirmed plan or the order confirming the plan. 11 U.S.C. § 1306(b). Section 1327(b), for its part, provides that "the confirmation of a plan vests all of the property of the estate in the debtor." 11 U.S.C. § 1327(b).

The United States Court of Appeals for the Fourth Circuit already rejected the latter provision as a safeguard against modification, and its rationale applies equally well to § 1306(b). Whatever the significance of these sections, a debtor cannot use them "to shield himself from the reach of his creditors when he experiences a substantial and unanticipated change in his income." In re Murphy, 474 F.3d at 154 ("Thus, even though property vested in [appellant] upon confirmation, this fact did not prevent the Chapter 13 trustee from seeking to modify [appellant's] plan."). Indeed, even where courts have narrowly construed the power of bankruptcy courts over vested property post-confirmation, they have held that they maintain jurisdiction over plan

---

[7] Appellant additionally points to 11 U.S.C. § 363(b), which requires that a trustee give notice of any proposed sale of estate property other than in the ordinary course of business and provide an opportunity for objections and for hearing, if any exist. (Appellant Br. (654 DE 11) at 32). Appellant contends that "[t]he requirements for selling non-bankruptcy estate property under a local bankruptcy rule of procedure must not exceed the demands of selling property of the bankruptcy estate under provisions of the actual Bankruptcy Code." Id. This challenge is properly understood as one to the local rule itself, which requires that all debtors seek court approval for sales covered regardless of whether there are objections. Thus, as this court declines to consider the propriety of the local rule, this order does not address that additional objection.

modification. See, e.g., In re Baker, 620 B.R. 655, 668 (Bankr. D. Colo. 2020); In re Nevins, No. 02-37055DWS, 2005 WL 984182, at *2 (Bankr. E.D. Pa. Apr. 26, 2005).

In sum, appellant's arguments for reversal of the restrictions included within the bankruptcy court's order granting appellant's motion to sell are without merit.[8] Therefore, the bankruptcy court's order is affirmed.[9]

b. Order Modifying Appellant's Plan

The bankruptcy court's subsequent modification of appellant's confirmed plan, however, contravenes 11 U.S.C. § 1329 and is invalid.

Notably, the bankruptcy court framed and titled its order as one merely amending its own earlier confirmation order. Nevertheless, as the terms of the order directly conflict with the plan itself by providing that appellant's property will vest in him on completion of the plan rather than on confirmation, it is properly understood as a modification. Compare (Amended Ch. 13 Plan (654 DE 5-1) at 62) (electing to have property vest in appellant on plan confirmation)), with (Order Amending Chapter 13 at 6 ("[P]roperty does not vest in the Debtor until discharge.")). Cf. In re A.H. Robins Co., Inc., 86 F.3d 364, 375 (4th Cir. 1996) (providing that the district court did not

---

[8] Appellant additionally contends the bankruptcy court failed to set forth an identifiable standard under the local rule when it applied this additional restriction, apparently assuming that it was imposed pursuant to that rule. (Appellant Br. (654 DE 11) at 28). Appellant asserts that the bankruptcy court "must articulate and consistently apply a uniform standard," and asks this court to hold that the business judgment analytical framework applies. (Id.) First, appellant raises this issue for the first time on appeal. Second, as the court finds that the bankruptcy court acted properly pursuant 11 U.S.C. § 105(a), it is unnecessary to additionally consider the proper standard under the local rule, and the court declines to do so.

[9] As already noted, appellant's plan additionally includes a nonstandard provision providing that he "shall be permitted to receive all net proceeds from the sale of vested property and/or exempt property that is sold during the pendency of the case." (Debtor's Chapter 13 Plan (654 DE 5-1) at 62). Bankruptcy courts have rebuked comparable provisions as "creat[ing] benefits for debtors when none exists at common law." In re Pulliam, No. 19-03887-5-DMW, 2020 WL 1860113, at *3 (Bankr. E.D.N.C. Apr. 13, 2020) (specifically identifying Mr. Travis Sasser, appellant's representative here, as representing multiple debtors who sought to include such dubious provisions). This court need not pass on the legitimacy of the nonstandard provision, as the provision itself expressly provides that it "shall not prejudice and/or impact the rights of parties pursuant to 11 U.S.C. 1329." (Debtor's Chapter 13 Plan (654 DE 5-1) at 62). For the reasons already provided, were this provision construed to block modification by a proper party, it would be in direct contravention of § 1329 and thus the plan itself.

modify the appellants' confirmed Chapter 11 plan as there was "no conflict" between the order and the plan itself); Goodman v. Phillip R. Curtis Enterprises, Inc., 809 F.2d 228, 233 (4th Cir. 1987) (construing the bankruptcy and district court's post-confirmation orders respecting the debtor's property as attempted modifications of the confirmed Chapter 11 plan). The bankruptcy court indeed acknowledged that conflict at the hearing on appellant's motion to sell. (Tr. (654 DE 6) at 4 (referring to the vesting provision in appellant's confirmed plan and providing "I'm not going to allow that")).

The order is thus subject to section 1329(a), which provides the procedure for modification of confirmed Chapter 13 plans:

> (a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to—
> (1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;
> (2) extend or reduce the time for such payments;
> (3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan; or
> (4) reduce amounts to be paid under the plan by the actual amount expended by the debtor to purchase health insurance for the debtor [with demonstration requirements].

11 U.S.C. § 1329. The statute thus limits both standing to request a modification as well as the types of permissible modification available. See In re Baker, 620 B.R. at 668. Here, the bankruptcy court exceeded both limitations.

First, the bankruptcy court modified the plan sua sponte, though by the express terms of § 1329(a) standing to modify is limited to the debtor, the trustee, and holders of allowed unsecured claims. See In re Murphy, 474 F.3d at 148 ("Under § 1329 of the Bankruptcy Code, a confirmed plan may be modified at 'any time after confirmation of the plan but before the completion of

12

payments' at the request of <u>the debtor</u>, <u>the Chapter 13 trustee</u>, or <u>an allowed unsecured creditor</u>." (emphasis added)).

Second, the bankruptcy court departed from the modifications provided in § 1329(a) by amending the plan such that property will vest in appellant upon completion of the plan rather than upon confirmation as originally written. (<u>See</u> Order Amending Chapter 13 Plan at 6). Such an amendment is not among those enumerated in § 1329(a)(1–4). <u>See</u> <u>In re Murphy</u>, 474 F.3d at 148 (listing the four options available under § 1329).

The Bankruptcy Code's formal plan modification requirements "provide important safeguards for the interested parties and should be faithfully observed in bankruptcy proceedings." <u>In re FCX, Inc.</u>, 853 F.2d 1149, 1158 n.13 (4th Cir. 1988). Though some procedural irregularities may nevertheless "not be so egregious as to warrant setting aside a modification order," the irregularities here are. <u>Id.</u> Indeed, the Fourth Circuit reversed orders of a bankruptcy and district court on nearly identical grounds when a bankruptcy court modified a confirmed Chapter 11 plan sua sponte despite similarly not being a proper party to do so under the applicable statute. <u>See</u> <u>Goodman</u>, 809 F.2d at 233 (describing the procedural abnormality as "egregious"); <u>see also</u> <u>In re FCX, Inc.</u>, 853 F.2d at 1158 n.13 (explaining reversal was appropriate in <u>Goodman</u> as the bankruptcy court modified the plan sua sponte despite not being one of the enumerated, proper parties).

Appellant is thus entitled to reversal of the bankruptcy court's modification order. However, "[b]ecause plan modification, if regularly sought, might have been properly allowed, and because the irregularity is most properly laid to the bankruptcy . . . court[] acting sua sponte rather than to any of the . . . parties," the court will remand with instructions to the bankruptcy court to consider the possibility of whether a legitimate modification is warranted. <u>See</u> <u>Goodman</u>,

13

809 F.2d at 234 (making the same disposition where proper parties, among others, may have relied on the courts' sua sponte modification). "Upon the remand an opportunity must first be provided for a proper party to seek modification, and the bankruptcy court should do this by notice allowing a reasonable time for that purpose." Id.

In so remanding this court does not express any opinion as to whether modification should be sought nor, if it is, whether it should be approved. By the terms of § 1329(a), "the decision whether modification should now be sought must itself be left to the proper parties." Id. As to approval, if a proper party seeks modification the bankruptcy court should evaluate the motion in the manner already carefully laid out by the Fourth Circuit:

> [W]hen a bankruptcy court is faced with a motion for modification pursuant to §§ 1329(a)(1) or (a)(2), the bankruptcy court must first determine if the debtor experienced a substantial and unanticipated change in his post-confirmation financial condition. . . . [I]f the debtor experienced both a substantial and unanticipated change in his post-confirmation financial condition, then the bankruptcy court can proceed to inquire whether the proposed modification is limited to the circumstances provided by § 1329(a). If the proposed modification meets one of the circumstances listed in § 1329(a), then the bankruptcy court can turn to the question of whether the proposed modification complies with § 1329(b)(1).

In re Murphy, 474 F.3d at 150.[10]

The court nevertheless acknowledges the bankruptcy court's intent to address what it perceived to be "gamesmanship" by appellant when it amended appellant's plan. (See Order Amending Chapter 13 Plan at 5). While reversing this particular means of redress, this order does not otherwise restrict the bankruptcy court from addressing any misconduct in a manner that is consistent with the provisions of the Bankruptcy Code, as it deems appropriate. See, e.g., Siegel, 571 U.S. at 421 (recognizing that while that the bankruptcy court could not surcharge a debtor's

---

[10] Appellant additionally contends the bankruptcy court's modification of his plan amounted to a violation of his right to due process of law. (Appellant Br. (656 DE 11) at 22). As the bankruptcy court's modification order is reversed on other grounds, this court will not consider that additional contention.

statutorily exempt property on equitable grounds, it could impose sanctions against the debtor under Federal Rule of Bankruptcy Procedure 9011(c)(2)).

## CONCLUSION

Based on the foregoing, the bankruptcy court's order granting appellant's motion to sell, appealed at No. 5:20-CV-654-FL, is AFFIRMED. Its order modifying appellant's confirmed plan, appealed at No. 5:20-CV-656-FL, is REVERSED and the case is remanded for further proceedings. Because the facts and legal arguments are adequately presented in the briefs and record, the court dispenses with oral argument under Federal Rule of Bankruptcy Procedure 8019(b), as argument would not aid significantly the decisional process. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 9th day of February, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge