**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-1227

DUANE DOUGLAS CRONISER,

           Debtor – Appellant.

_____

JOHN F. LOGAN,

           Trustee,

STEPHANIE J. BUTLER,

           Party-in-Interest.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:20-cv-00654-FL)

Submitted:  September 30, 2022                                Decided:  October 14, 2022

Before AGEE and WYNN, Circuit Judges, and FLOYD, Senior Circuit Judge.

Dismissed, vacated in part, and remanded with instructions by unpublished per curiam opinion.

**ON BRIEF**: Travis Sasser, Cort Walker, SASSER LAW FIRM, Cary, North Carolina, for Appellant.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Duane Douglas Croniser seeks to appeal the portion of the district court's order affirming the bankruptcy court's order which authorized his sale of property but ordered the proceeds of the sale to be held in trust. While this appeal was pending, the bankruptcy court ordered the escrowed funds released to Croniser. Given this development, we dismiss this appeal as moot.

We are obliged to raise mootness "*sua sponte* since mootness goes to the heart of the Article III jurisdiction of the courts." *Castendet-Lewis v. Sessions*, 855 F.3d 253, 260 (4th Cir. 2017). A case becomes "moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Los Angeles Cnty. v. Davis*, 440 U.S. 625, 631 (1979) (internal quotation marks omitted). "Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies." *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983). "[A] federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (internal quotation marks omitted). To survive a challenge of mootness, a party "must have suffered some actual injury that can be redressed by a favorable judicial decision." *Iron Arrow Honor Soc'y*, 464 U.S. at 70. Thus, an appeal must be dismissed as moot when "an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief what[so]ever to a prevailing party." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (internal quotation marks omitted).

In this case, Croniser moved to sell a piece of land. The bankruptcy court granted the motion but ordered the proceeds of the sale to be held in escrow and *sua sponte* modified its order confirming Croniser's Chapter 13 plan. When Croniser appealed the bankruptcy court's order, the district court affirmed the order authorizing the sale but vacated the order modifying the plan. On appeal in this court, the only relief that Croniser sought was the release of the escrowed funds. While this appeal was pending, the bankruptcy court released the funds to him. Thus, Croniser has received all of the relief that he sought in his motion to sell the property—confirmation of the sale and the proceeds of the sale. If we were to now rule on his challenge to the bankruptcy court's authority, we would be issuing an advisory opinion because Croniser would receive no tangible relief from such a ruling.

"The customary practice when a case is rendered moot on appeal is to vacate the moot aspects of the lower court's judgment" and remand with instructions to dismiss the claim. *SAS Inst., Inc. v. World Programming Ltd.*, 874 F.3d 370, 390 (4th Cir. 2017) (internal quotation marks omitted); *see also United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950) (where civil case becomes moot before adjudication by appellate court, court reverses or vacates judgment and remands with directions to dismiss). "In such circumstances, the equitable remedy of vacatur clears the path for future relitigation of the issues between the parties." *Catawba Riverkeeper Found. v. N.C. Dep't of Transp.*, 843 F.3d 583, 589-90 (4th Cir. 2016) (internal quotation marks omitted).

Accordingly, we dismiss this appeal as moot. Because Croniser only challenged the escrowing of the sale proceeds in this court, we vacate the portions of the district court's

3

order affirming the bankruptcy court's order authorizing the sale. We remand with instructions for the district court to dismiss that portion of Croniser's appeal and to instruct the bankruptcy court to vacate the portion of its order directing the proceeds of the sale to be held in escrow. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED,*
*VACATED IN PART,*
*AND REMANDED WITH INSTRUCTIONS*
