IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-352-D

DUANE DOUGLAS CRONISER,       )
                              )
               Appellant,     )
                              )
      v.                      )   **ORDER**
                              )
JOHN F. LOGAN,                )
                              )
               Appellee.      )

Duane Douglas Croniser ("Croniser" or "appellant") received a substantial and unanticipated improvement in his financial condition after confirmation of his Chapter 13 bankruptcy plan ("plan"). See [D.E. 1]. Due to the improvement, the United States Bankruptcy Court for the Eastern District of North Carolina ("bankruptcy court") modified the plan. Croniser disagrees with the modification. As explained below, the court affirms the bankruptcy court's order.

I.

On January 30, 2020, Croniser filed a Chapter 13 bankruptcy case, and a bankruptcy estate was created that included his interest in most of his assets, including real property in New York. See [D.E. 7-1] 3–59. John F. Logan ("trustee") was appointed to serve as trustee. When Croniser filed his case, he and his brother owned approximately 6.75 acres of unimproved real property in Leyden, New York ("New York real property"). See id. at 13. Croniser scheduled the value of the entire New York real property at $17,900.00. See id. When Croniser filed his case, Croniser's interest in the New York real property became part of the bankruptcy estate pursuant to 11 U.S.C. § 541(a)(1). See id.

On May 20, 2020, Croniser filed an amended Chapter 13 plan, which provided that the estate property would vest in him at confirmation and proposed to pay $600.00 per month for 60 months

out of his future income. See id. at 60–64. The plan also provided:

> Possession and Use of Property of the Bankruptcy Estate: Except as provided or ordered by the Court, regardless of when property of the estate vests in the Debtor, property not surrendered or delivered to the Trustee (such as payments made to the Trustee under the Plan) shall remain in the possession and control of the Debtor, and the Trustee shall have no liability arising out of, from, or related to such property or it retention or use by the Debtor. The Debtor's use of property remains subject to the requirements of 11 U.S.C. § 363, all other provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

Id. at 63. The plan included a nonstandard provision in part 8.1 which stated: "The Debtor shall be permitted to receive all net proceeds from the sale of vested property and/or exempt property that is sold during the pendency of this case. This provision shall not prejudice and/or impact the rights of parties pursuant to 11 U.S.C. 1329." Id.

On May 26, 2020, the bankruptcy court confirmed the plan. See id. at 66. The confirmation order included a provision stating, "the debtor(s) shall not transfer any interest in real property without prior approval of the court except as provided in Local Bankruptcy Rule 4002–1(g)(4) and (5)." Id.

On October 29, 2020, Croniser moved to sell the New York real property for $34,900.00. See id. at 67–68. On November 19, 2020, the bankruptcy court granted Croniser's motion to sell the New York real property. See id. at 81–82. The sale order directed the closing attorney for the sale to distribute Croniser's one-half interest in proceeds to Croniser's counsel to hold in trust pending further court order. See id. The sale order also set a 60-day period in which the trustee could seek a plan modification based on the sale of the New York real property. See id. The proceeds realized by Croniser from the sale totaled $16,376.02 ("net proceeds"), or $7,426.02 more than the value of his interest listed on Schedule A/B. See id. at 69.

On November 19, 2020, when the bankruptcy court issued the sale order, the bankruptcy court amended the plan. See id. at 83–85. The court entered this order within the 60-day period referenced in the sale order. Croniser appealed to this court both the sale order and the amended confirmation

2

order. See In re Croniser, Nos. 5:20-CV-654 & 5:20-CV-656 (E.D.N.C. Dec. 4, 2020), Notice of Appeal [D.E. 1].

On February 9, 2022, the Honorable Louise W. Flanagan affirmed the provisions of the sale order but reversed and remanded to the bankruptcy court the issues raised regarding the amended confirmation order and modification of the plan. See id. at Order [D.E. 13]; see also [D.E. 7-1] 86–100.

On February 28, 2022, the bankruptcy court issued a "Notice Regarding Order Amending Confirmation Order." [D.E. 7-1] 101. The notice stated that the court would rescind the amended confirmation order unless a party with standing under 11 U.S.C. § 1329 sought modification of the plan no later than March 28, 2022. See id.

On February 28, 2022, the trustee timely moved to modify the plan based on the appreciation and sale of the vested New York real property. See id. at 102–14. In the motion to modify, the trustee sought modification of the plan to provide for disbursement of a portion of the net proceeds to creditors, over time, and within the term of the original confirmed plan, by increasing the dollar amount of the 35 remaining monthly plan payments. See id. at 102–06. The trustee argued that the post-confirmation increase in value of the New York real property, evidenced by its sale price relative to its Schedule A/B value, and Croniser's realization of the net proceeds, constituted a substantial and unanticipated change in financial circumstances sufficient to satisfy the statutory requirements of plan modification. See id. The trustee then described the statutory requirements of 11 U.S.C. § 1329 and how the requirements were satisfied. See id. at 104–06. The trustee suggested a modified plan payment schedule of $15,600.00, as paid to the trustee through February 2022, followed by $812.00 per month for 35 months. See id. at 102. The trustee's motion to modify increased the plan base by the approximate difference between the Schedule A/B value of Croniser's one-half interest in the New York real property (which had already been factored into the hypothetical liquidation test provided in the plan) and the net proceeds. See id. at 102–14. This difference represented both the increased

3

value of the New York real property that Croniser realized post-confirmation and Croniser's increased ability to pay creditors. See id. Under the proposed modified terms, the trustee projected the dividend to allowed general unsecured claim holders would increase from 21 percent to 27 percent. See id. Croniser opposed the modification. See id. at 115–17.

On March 7, 2022, Croniser appealed Judge Flanagan's order of February 9, 2022. See In re Croniser, Nos. 5:20-CV-654 & 5:20-CV-656, Notice of Appeal to Fourth Circuit, [D.E. 18].

On April 12, 2022, the bankruptcy court held a hearing on the motion to modify. See [D.E. 7-1] 119. On August 23, 2022, in a thorough order, the bankruptcy court granted the trustee's motion to modify. See id. at 119–33. On September 6, 2022, Croniser appealed and challenged the modification order of August 23, 2022. See [D.E. 1].

On October 14, 2022, the United States Court of Appeals for the Fourth Circuit vacated in part and remanded Judge Flanagan's order of February 9, 2022. See In re Croniser, Nos. 5:20-CV-654 & 5:20-CV-656, Fourth Circuit Unpublished Opinion [D.E. 21] 2–4. On November 9, 2022, Judge Flanagan dismissed as moot the part of the order of February 9, 2022 affirming the bankruptcy court's sale order and instructed the bankruptcy court to vacate the portion of its order directing the proceeds of the sale to be held in escrow. See id. at Order [D.E. 24]. Judge Flanagan's order recognized that during the appeal, the bankruptcy court released the funds in escrow to Croniser. See id.

II.

Under 28 U.S.C. § 158(a)(1), district courts have jurisdiction to hear appeals from the "final judgments, orders, and decrees" of bankruptcy courts. In bankruptcy proceedings, "the concept of finality is more flexibly applied than with regard to district court judgments." Brandt v. Wand Partners, 242 F.3d 6, 13 (1st Cir. 2001); see Mort Ranta v. Gorman, 721 F.3d 241, 246 (4th Cir. 2013); McDow v. Dudley, 662 F.3d 284, 287 (4th Cir. 2011); In re Comput. Learning Ctrs., Inc., 407 F.3d 656, 660 (4th Cir. 2005); A.H. Robins v. Piccinin, 788 F.2d 994, 1009 (4th Cir. 1986). No uniform rule, however, has developed to determine when an order or judgment is final. See Brandt,

4

242 F.3d at 13. An order that "ends a discrete judicial unit in the larger case concludes a bankruptcy proceeding and is a final judgment for the purposes of 28 U.S.C. § 158." In re Kitty Hawk, Inc., 204 F. App'x 341, 343 (5th Cir. 2006) (per curiam) (unpublished) (alteration omitted); see Mort Ranta, 721 F.3d at 246; McDow, 662 F.3d at 287; In re Comput. Learning Ctrs., Inc., 407 F.3d at 660.

A district court reviews a bankruptcy court's legal determinations de novo and its factual findings for clear error. See In re White, 487 F.3d 199, 204 (4th Cir. 2007); In re Official Comm. of Unsecured Creditors for Dornier Aviation (N. Am.), Inc., 453 F.3d 225, 231 (4th Cir. 2006); Schlossberg v. Barney, 380 F.3d 174, 178 (4th Cir. 2004). "[I]n reviewing a bankruptcy case on appeal, a district court can consider only that evidence which was presented before the bankruptcy court and made a part of the record." In re Bartlett, 92 B.R. 142, 143 (E.D.N.C. 1988); see Fed. R. App. P. 10(a); Union Bank v. Blum, 460 F.2d 197, 202 (9th Cir. 1972); Arcari v. Marder, 225 B.R. 253, 256 (D. Mass. 1998).

Croniser argues that the sale order of November 19, 2020, precludes the trustee's motion to modify of February 28, 2022. See [D.E. 14] 36–37. In relevant part, the sale order states:

> If the Trustee elects to seek a modification of the Plan, that motion must be filed within sixty-days of the date of this Order. If the Trustee declines to a seek a modification, then the clerk is directed to schedule a hearing immediately after the expiration of that sixty-day period for the court to determine the disbursement of the balance of the sale proceeds.

[D.E. 7-1] 82. Croniser cites the 60-day period in the sale order of November 19, 2020, in support of his argument. See id.

The bankruptcy court rejected Croniser's argument concerning the 60-day period in the sale order of November 19, 2020. The bankruptcy court explained that the 60-day period "in the Sale Order [was] to ensure that the [] Net Proceeds would not be held in trust by the Debtor's counsel unreasonably long." [D.E. 7-1] 123. The bankruptcy court found that it did not intend the 60-day period to bar the trustee from later filing a motion to modify under the Bankruptcy Code. Rather, the bankruptcy court intended the 60-day period to be a way to maintain the status quo while the trustee

5

evaluated whether modification was appropriate. See id. at 82, 123. Moreover, Croniser's first appeal of the sale order was pending during the 60-day period in the sale order. See In re Croniser, Nos. 5:20-CV-654 & 5:20-CV-656, Order [D.E. 13]. Furthermore, after the appellate proceeding with Judge Flanagan, the trustee brought the motion to modify within the extended period that the bankruptcy court established in its notice of February 28, 2022. See [D.E. 7-1] 102–06.

The court has reviewed the record and the orders of the bankruptcy court. The court agrees with the bankruptcy court's analysis in its order of August 23, 2022, that the 60-day period in the sale order of November 19, 2020, does not bar the trustee's motion of February 28, 2022. See [D.E. 7-1] 123. Notably, in its order of August 23, 2022, the bankruptcy court was construing its own sale order, and this court gives deference to the bankruptcy court's interpretation of its own order. See, e.g., In re Grand Just Subpoena (T-112), 597 F.3d 189, 195 (4th Cir. 2010) (where a trial court's order is based on an interpretation of its own order, an appellate court gives the reading "especial respect"); JTH Tax, Inc. v. H&R Block E. Tax Servs., Inc., 359 F.3d 699, 705 (4th Cir. 2004) (same). On this record, the bankruptcy court did not err in holding that the 60-day period in the sale order did not bar the trustee's motion to modify.

Next, Croniser argues that the bankruptcy court erred by finding that the trustee filed the modification in good faith. In support, Croniser argues that the Bankruptcy Code allegedly does not support a modification based on the appreciation or sale of vested property, and the modification did not comport with the purpose and spirit of the Bankruptcy Code. See [D.E. 14] 26–36; [D.E. 16] 9–10.

Section 1329(b)(1) requires that all post-confirmation plan modifications comply with 11 U.S.C. §§ 1322(a), 1322(b), 1323(c), and 1325(a). See 11 U.S.C. § 1329(b)(1). Section 1325(a)(3) requires good faith. See 11 U.S.C. § 1325(a)(3). A comprehensive definition of good faith is not practical. See Deans v. O'Donnell, 692 F.2d 968, 972 (4th Cir. 1982). "[B]roadly speaking, the basic inquiry should be whether or not under the circumstances of the case there has been an abuse of the

6

provisions, purposes and spirit of the Chapter in the proposal or plan." Id.

Bankruptcy courts have broad discretion in analyzing good faith. See id. In analyzing good faith, a bankruptcy court may consider all relevant factors including the nature of the relief being sought in light of the totality of the record. See id. Moreover, "a debtor who experiences a substantial and unanticipated improvement in his financial condition after confirmation should not be able to avoid paying more to his creditors." In re Murphy, 474 F.3d 143, 153 (4th Cir. 2007); see In re Arnold, 869 F.2d 240, 242 (4th Cir. 1989).

In Murphy, the Fourth Circuit held that "[i]n exercising his fiduciary duty, the Chapter 13 trustee proposed the modification in good faith to prevent Murphy from receiving such a substantial windfall." Murphy, 474 F.3d at 153. As in Murphy, the trustee in this case recognized that Croniser's receipt of the substantial appreciation in property value from the sale of the New York real property significantly altered Croniser's ability to pay. See [D.E. 1-1] 7. Thus, the trustee proposed the modification to increase the distribution to unsecured creditors and to better align Croniser's payments to his creditors with his ability to pay. Like the trustee in Murphy, the trustee sought to increase payments from non-exempt funds Croniser did not possess at the time of plan confirmation. See Murphy, 474 F.3d at 153. Furthermore, the modification comports with the standard described in Arnold and Deans. After all, "[w]hen a debtor's financial fortunes improve, the creditors should share some of the wealth." Arnold, 869 F.2d at 243. The bankruptcy court did not clearly err in finding that the trustee made the motion to modify in good faith. See, e.g., Murphy, 474 F.3d at 153; Arnold, 869 F.2d at 243; Deans, 692 F.2d at 972.

Next, Croniser argues that the court should not confirm the plan. Under 11 U.S.C. § 1327:

> (a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.
> (b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.
> (c) Except as otherwise provided in the plan or in the order confirming the plan, the

property vesting in the debtor under subsection (b) of this section is free and clear of any claim or interest of any creditor provided for by the plan.

11 U.S.C. § 1327. Under section 1325(a)(4), "the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim [should not be] less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date[.]" 11 U.S.C. § 1325(a)(4). The effective date of the plan is generally the confirmation date. See, e.g., Hamilton v. Lanning, 560 U.S. 505, 518 (2010). As the Fourth Circuit has recognized, a confirmed Chapter 13 bankruptcy plan "is a new and binding contract, sanctioned by the court, between the debtors and their pre-confirmation creditors." Murphy, 474 F.3d at 148. Generally, "[c]onfirmation has preclusive effect, foreclosing relitigation of any issue actually litigated by the parties and any issue necessarily determined by the confirmation order." Bullard v. Blue Hills Bank, 575 U.S. 496, 502 (2015) (quotations omitted).

Under 11 U.S.C. § 1329, a court may modify a confirmed Chapter 13 repayment plan at "any time after confirmation of the plan but before the completion of payments" at the request of the debtor, the Chapter 13 trustee, or an allowed unsecured creditor in order to, inter alia, "increase or reduce the amount of payments [or to] extend or reduce the time for such payments" under the plan. 11 U.S.C. §§ 1329(a)(1)–(2); see Murphy, 474 F.3d at 148. The doctrine of res judicata precludes modification of a Chapter 13 plan unless the party "seeking modification demonstrates that the debtor experienced a 'substantial' and 'unanticipated' post-confirmation change in his financial condition." Murphy, 474 F.3d at 150; Arnold, 869 F.2d at 243. Thus, the court first must determine what change, if any occurred in the Croniser's financial condition since the plan was confirmed. See Murphy, 474 F.3d at 150; Arnold, 869 F.2d at 243. Second, the court must assess whether Croniser's "altered financial circumstances could have been reasonably anticipated at the time of confirmation by the parties seeking modification." Arnold, 869 F.2d at 243.

8

Croniser argues that 11 U.S.C. § 1327 prevents modifying the plan based on the sale price of his New York real property because the bankruptcy court should not have reevaluated his New York real property after plan confirmation. See [D.E. 14] 13–26; [D.E. 16] 4–9. The bankruptcy court properly rejected Croniser's argument. See [D.E. 7-1] 124–30. This court does too. Tellingly, Croniser does not distinguish Murphy. Instead he argues that Murphy was wrongly decided, other circuits do not follow Murphy, and amendments to the Bankruptcy Code make Murphy obsolete. See [D.E. 14] 13–26; [D.E. 16] 4–9.

This court must follow Fourth Circuit precedent, including Murphy. See Rodriguez de Quijas v. Shearson/Am. Exp., Inc., 490 U.S. 477, 484 (1989); Clendening v. United States, 19 F.4th 421, 431 (4th Cir. 2021); United States v. Middleton, 883 F.3d 485, 491 (4th Cir. 2018); Colborn v. Forest Good Eats, LLC, No. 5:19-CV-431, 2020 WL 5629765, *8 (E.D.N.C. Sept. 21, 2020) (unpublished). Moreover, courts in the Fourth Circuit continue to apply Murphy and the Fourth Circuit's standard for modification post-confirmation that considers "substantial" and "unanticipated" changes in the debtor's circumstances after the Bankruptcy Code amendments that Croniser cites. See, e.g., Martinez v. Gorman, 607 F. Supp. 3d 680, 683–86 (E.D. Va. 2022); Matusak, 571 B.R. 176, 178–81 (Bankr. E.D.N.C. 2017); Goodman v. Gorman, 534 B.R. 656, 661–65 (E.D. Va. 2015); In re Swain, 509 B.R. 22, 28–35 (Bankr. E.D. Va. 2014). Furthermore, in Murphy, the Fourth Circuit permitted a modification based on the valuation of a vested asset. See Murphy, 474 F.3d at 153. Thus, the court rejects Croniser's argument.

As for any changes since plan confirmation, Croniser's New York real property value increased more than 94 percent, and the proceeds significantly altered Croniser's ability to pay. If the bankruptcy court did not modify the plan, Croniser would have received a significant windfall. See [D.E. 1-1] 7. As for whether the bankruptcy court could have reasonably anticipated the change in property value, the large change in property value from confirmation to sale was not reasonably anticipated. See Matusak, 571 B.R. at 79–80. Moreover, although the trustee did not present

9

information about the average land or housing price increases during that period, Croniser sold the New York real property for a nearly 100 percent valuation increase (which included Croniser's estimate of the property value) only ten months after the bankruptcy court confirmed the plan. As the bankruptcy court properly found, Croniser did not provide any explanation for the substantial increase in the New York real property's value over such a short time frame. See [D.E. 7-1] 124–33. The bankruptcy court did not clearly err in approving the trustee's motion to modify. Accordingly, the court affirms the bankruptcy court's order.

III.

In sum, the court AFFIRMS the bankruptcy court's judgment. The clerk shall close case No. 5:22-CV-352-D.

SO ORDERED. This 12 day of June, 2023.

JAMES C. DEVER III
United States District Judge